IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON PAIGE RICHEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-219-GMB |
| | ) | |
| | ) | |
| AUTO-OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 27, 2019, Defendant Auto-Owners Insurance Co. ("Auto-Owners") removed this action from the Circuit Court of Montgomery County, Alabama. Doc. 2. On May 1, 2019, the parties consented to the full jurisdiction of a United States Magistrate Judge. Docs. 12 & 13. Now pending before the court is Plaintiffs' Motion to Remand. Doc. 1. After careful consideration of the parties' filings and the relevant law, and for the reasons stated below, the court concludes that the Motion to Remand (Doc. 1) is due to be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts are as alleged in the complaint. Plaintiffs Sharon Richey and Tommy Richey ("the Richeys") and their minor children are residents of Alabama. Doc. 2-1. The Richeys' adult child, Plaintiff Devin Brian Frazier, also is a resident of Alabama. Doc. 2-1. In early January 2017, the Richeys purchased an insurance policy for their home on 2nd Street in Montgomery, Alabama. Doc. 2-8. On January 26, 2017, their home and personal property were destroyed by fire. Doc. 2-1. The Montgomery Fire Department

determined that the fire was accidental and caused by smoking materials placed in a garbage can. Doc. 2-1. Suspicious of this explanation, Reneeka Hawkins, an investigator working for Auto-Owners, decided to look into the fire and contacted the Montgomery Fire Department for assistance. Doc. 2-1. Hawkins and Kenneth R. Peoples of the Montgomery Fire Department ultimately determined that the Richeys should be prosecuted for insurance fraud. Doc. 2-1. On or about April 28, 2017, the Montgomery Police Department arrested Sharon Richey and Tommy Richey on a charge of first-degree insurance fraud. Doc. 2-1. The warrants for their arrest were primarily supported by a sworn statement prepared by Peoples. Doc. 2-1. Sharon and Tommy Richey were then indicted by a Montgomery County Grand Jury in July 2017. Doc. 2-1. In April 2018, the criminal case against the Richeys was dismissed. Doc. 2-1.

To date, Auto-Owners has refused to pay the insurance coverage claim. Doc. 2-1. Plaintiffs assert that Sharon and Tommy Richey were wrongfully prosecuted and arrested at a relative's home in front of their children. Doc. 2-1. Plaintiffs filed this action in the Circuit Court of Montgomery County, asserting a bad faith refusal to pay/breach of insurance contract claim, and a malicious prosecution/false imprisonment claim. Doc. 2-1. Plaintiffs sued Auto-Owners and Peoples. Doc. 2-1. Peoples, an Alabama citizen, was dismissed from the case on February 26, 2019. Doc. 2-7. Auto-Owners removed the action to this court 29 days after Peoples' dismissal. Doc. 2.

## II. STANDARD OF REVIEW

Removal is appropriate "in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order or other paper." *Williams v. Wal-Mart Stores, Inc.*, 534

2

F. Supp. 2d 1239, 1243 (M.D. Ala. 2008) (citing 28 U.S.C. § 1446(b)). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006). And because removal implicates federalism concerns, the court must construe the removal statutes narrowly and resolve all doubts in favor of remand. *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "It is in everyone's best interest, both the litigants' and the courts,' to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holding L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

### III. DISCUSSION

Plaintiffs argue that removal to federal court is improper because (1) removal is untimely, (2) complete diversity of citizenship does not exist, and (3) the amount in controversy does not exceed $75,000. These arguments are unavailing.

**A.     Timeliness**

Without citation to any law, Plaintiffs assert that removal is untimely and unripe because depositions have not occurred. Doc. 1 at 2. A defendant must remove within 30 days of receiving a document that provides the basis for removal. *Lowery v. Ala. Power*

*Co.*, 483 F. 3d 1184, 1213 (11th Cir. 2007). In such a removal, "a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the . . . court . . . and from which (3) the defendant can first ascertain that federal jurisdiction exists." *Williams*, 534 F. Supp. 2d at 1244 (citing 28 U.S.C. § 1446(b)) (internal quotation marks omitted). "The 30-day removal clock 'starts ticking' once all three conditions are present." *Pitts v. Ram Partners, L.L.C.*, 2018 WL 5786219, at *3 (M.D. Ala. Nov. 5, 2018) (quoting *Allen v. Thomas*, 2011 WL 197964, at *3 (M.D. Ala. 2011)).

Here, all three conditions are present. When the state court dismissed Peoples, an Alabama citizen, from the action, Auto-Owners received an order from the court from which it could first ascertain that federal jurisdiction existed. Peoples, the only non-diverse party, was dismissed from the lawsuit on February 26, 2019. Doc. 2-7 at 5 & 7. With this order, diversity of the parties was established, and the 30-day removal clock began ticking. On March 27, 2019—29 days later—Auto-Owners removed this action to federal court. Doc. 2. Because Auto-Owners removed the case within 30 days after first learning that federal jurisdiction existed, the removal is timely.

**B.     Citizenship**

Plaintiffs contend that diversity jurisdiction does not exist because Auto-Owners is a citizen of Alabama. Doc. 1 at 3. Federal diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Additionally, in a case based on diversity jurisdiction, a party is not permitted to remove a civil action to federal court if that party is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). In other words, defendants who are

citizens of the State of Alabama may not remove a civil action to an Alabama federal court when jurisdiction is predicated on diversity.

The rules of citizenship differ depending upon whether a party is an individual or a business entity. A person is a citizen of the state in which she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of [her] true, fixed, and permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom." *Id.* at 1258 (internal citation and quotation marks omitted). Here, the record evidence supports the parties' assertion that the plaintiffs are citizens of Alabama. Docs. 2-1 & 2-8.

A corporation, on the other hand, is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1441(b)(2). The "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010) (internal quotation marks omitted). This is typically described as the corporation's "nerve center," which "in practice . . . should normally be the place where the corporation maintains its headquarters" and should be a single place. *Id.* at 92–93. When determining a corporation's principle place of business, courts apply a "nerve center test" not a "general business activities test." *See id.* at 95. It would be misguided simply to measure the total amount of business activities conducted in a particular state and determine whether they are significantly larger than the corporation's activities in another state. *Id.* at 93. Instead, courts look to where the "overall supervision and coordination of all functional operations" occurs. *See Cail v. Joe Ryan Ent., Inc.*, 65 F. Supp. 3d 1288, 1294 (M.D. Ala. 2014) (internal citation and quotation marks omitted).

Here, there is complete diversity between the parties because Plaintiffs are citizens of Alabama and Auto-Owners is a citizen of Michigan. Auto-Owners asserts that it is incorporated in Michigan with its principal place of business in Michigan. Docs. 10 at 1 & 2-9. Auto-Owners' reporting address, president, secretary, and general business address are located in Michigan (Doc. 2-10), supporting the assertion that its primary headquarters is in Michigan. *See Friend*, 559 U.S at 92–93 (holding that the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

Moreover, Plaintiffs do not contest that Auto-Owners is incorporated in Michigan or that its principal place of business is in Michigan. *See* Docs. 1 & 11. Instead, they assert that Auto-Owners has waived any issue of citizenship by its solicitation of, and ongoing business in, Alabama. Docs. 1 at 3 & 11 at 2. This is not the standard for citizenship. Instead, courts look to where the corporation coordinated its activities, and in this case all available evidence points to the State of Michigan. Accordingly, because the court finds that the Plaintiffs are citizens of Alabama and Auto-Owners is a citizen of Michigan, the diversity of citizenship requirement is satisfied.

C.  **Amount in Controversy**

Plaintiffs claims that the amount in controversy does not exceed $75,000. Doc. 11 at 2. It is well established that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citation and quotation marks omitted). Sometimes "it may be facially apparent from the pleading itself

that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Id.* (internal citation and quotation marks omitted). The court is permitted to use its "judicial experience and common sense" to determine whether it is apparent from the face of the complaint that an action is removable. *See id.* at 1062. "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" when making this determination. *Id.* at 1061–62 (internal citation and quotation marks omitted).

Other times, the defendant's "burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061. "In assessing whether removal [is] proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed." *Lowery*, 483 F.3d at 1214. However, [t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "Defendants may introduce their own affidavits, declarations, or other documentation— provided of course that removal is procedurally proper." *Id.* "Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy," such as interrogatory responses. *Id.* at 756 (internal citation and quotation marks omitted).

Here, Auto-Owners has produced sufficient evidence for the court to determine that the amount in controversy exceeds $75,000. Although the complaint includes a generic *ad damnum* clause, the allegations reflect that Plaintiffs are seeking damages for Auto-Owners' refusal to pay their home insurance claim. *See, e.g.*, Doc. 2-1 at 2 (alleging that

Auto-Owners is "the insurer of the property loss made the basis of the suit"). In addition to the complaint, Auto-Owners provided the court with a copy of a Proof of Loss form the Richeys prepared for their insurance claim. Doc. 10-1. On that form, the Richeys itemized their damages as follows: they valued the building itself as "priceless"; they valued their personal property at $113,529,05; and they totaled other losses at $27,000. Doc. 10-1. Therefore, their aggregated damages, even excluding the value of the structure, are greater than $140,000. And their limits of insurance coverage also exceed $75,000 since the home policy has a value of $135,300 and the personal property limit is $67,650. Doc. 2-8 at 8.

Not only does the alleged amount of loss exceed $75,000, but Plaintiffs have refused to admit that the amount in controversy in this case is below $75,000. In December 2018, Plaintiffs responded to Auto-Owners' requests for admission. Doc. 2-11. They denied that the amount in controversy does not exceed $75,000; they denied that the damages they claim as a result of the allegations in the complaint do not exceed $75,000; and they denied that they do not intend to recover more than $75,000, exclusive of interests and costs, from Auto-Owners. Doc. 2-11. The court concludes that adequate evidence supports the finding that the amount in controversy in this case exceeds $75,000. *See Williams*, 534 F. Supp. 2d at 1243 (finding the amount in controversy requirement satisfied where, in her response to requests for admission, the plaintiff denied that the amount in controversy did not exceed $75,000).

## IV. CONCLUSION

The court concludes that removal was timely, and that diversity jurisdiction exists. Accordingly, for these reasons, it is ORDERED that the Motion to Remand (Doc. 1) is DENIED.

DONE this 7th day of June, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE